# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE
### Assigned on Briefs October 30, 2001

## STATE OF TENNESSEE v. ARTHUR M. MEFFORD

### Direct Appeal from the Circuit Court for Campbell County
### No. 9993     E. Shayne Sexton, Judge

_____

### No. E2001-00598-CCA-R3-CD
_____April 4, 2002_____

Defendant appeals the trial court's denial of alternative sentencing.  The record on appeal is insufficient in that there is no transcript of defendant's guilty plea hearing or other evidence to review.  We, therefore, dismiss the appeal.

### Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed

JOHN EVERETT WILLIAMS, J., delivered the opinion of the court, in which DAVID G. HAYES and JAMES CURWOOD WITT, JR., JJ., joined.

Martha J. Yoakum, District Public Defender, and John A. Beaty, Assistant District Public Defender, for the appellant, Arthur M. Mefford.

Paul G. Summers, Attorney General and Reporter; Mark A. Fulks, Assistant Attorney General; William Paul Phillips, District Attorney General; and William Todd Longmire, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

On February 18, 1999, defendant, Arthur M. Mefford, was indicted by a Campbell County Grand Jury on one count of aggravated sexual battery, a Class B felony, in violation of Tennessee Code Annotated section 39-13-504.  On March 6, 2000, defendant entered a best-interest plea of guilty to one count of aggravated assault, a Class C felony, in violation of

Tennessee Code Annotated section 39-13-102.[1] An agreement was reached between the State and defendant whereby defendant would serve a four-year sentence. The manner in which the sentence would be served was not determined.

The trial court conducted a sentencing hearing on March 2, 2001. The State requested that defendant be required to serve the entire sentence. Defendant contended that he was eligible for alternative sentencing. The trial court denied alternative sentencing and ordered defendant to serve the four-year sentence with the Tennessee Department of Correction.

This appeal timely followed the trial court's denial of alternative sentencing. However, because the record before us does not contain the transcript of the acceptance of the plea agreement, we dismiss the appeal.

When an accused challenges the length and manner of service of a sentence, it is the duty of this Court to conduct a *de novo* review on the record with a presumption that "the determinations made by the court from which the appeal is taken are correct." Tenn. Code Ann. § 40-35-401(d). This presumption is "conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991). In determining the appropriateness of the sentence, this Court reviews the same facts considered by the trial court, such as the evidence presented at the trial and sentencing hearing, the nature and circumstances of the criminal conduct involved, and enhancing and mitigating factors produced by the parties. Tenn. Code Ann. § 40-35-210(b)(1)(4)(5). In the instant cases, the only evidence contained in the record is that from the presentence report, a statement made by defendant at the plea hearing, and letters of support from people in the community, which were introduced at the sentencing hearing. There is no guilty plea hearing transcript. Further, the record shows that neither defendant nor the State called any witnesses at the sentencing hearing. Rather, defense counsel relied solely upon the presentence report and the evidence submitted at the sentencing hearing. We conclude that because no facts were thoroughly developed at the sentencing hearing, there simply is not enough evidence to conduct a meaningful *de novo* review of the sentence.

If the appellate record is inadequate, the reviewing court must presume that the trial court ruled correctly. See State v. Ivy, 868 S.W.2d 724, State v. Oody, 823 S.W.2d 554, 559 (Tenn. Crim. App. 1991). The burden of providing a complete and accurate record upon appeal rests upon the appealing party. See Tenn. R. App. P. 24(b). Therefore, the issue is waived.

---

[1] We note that there is no authority stating that aggravated assault is a lesser-included offense of aggravated sexual battery. See generally State v. Swindle, No. 01C01-9805-CR-00202, 1999 Tenn. Crim. LEXIS 413 (Tenn Crim. App., filed at Nashville, April 30, 1999) (stating that assault is not a lesser-included offense of aggravated sexual battery). Therefore, the original indictment must have been properly amended pursuant to Tenn. R. Crim. P. 7(b). We are unable to determine from this incomplete record whether the original indictment was properly amended.

## CONCLUSION

Accordingly, we dismiss the appeal.

_____

JOHN EVERETT WILLIAMS, JUDGE